ACCEPTED
01-14-00366-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/20/2015 5:28:09 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00366-CR

In The Court of Appeals
For the First
Judicial District of Texas
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/20/2015 5:28:09 PM

CHRISTOPHER A. PRINE
Clerk

CHRISTOPHER WASHINGTON, APPELLANT

VERSUS

THE STATE OF TEXAS, APPELLEE

ON APPEAL FROM THE 178TH JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 1259853

APPELLANT'S REPLY BRIEF

WENDELL A. ODOM JR.
TEXAS BAR # 15208500
440 LOUISIANA ST., STE 200
HOUSTON, TEXAS 77002
(713) 223-5575
(713) 224-2815 [FAX]

ATTORNEY FOR APPELLANT
CHRISTOPHER WASHINGTON

[ORAL ARGUMENT REQUESTED]

## IDENTITIES OF PARTIES AND COUNSEL

| | |
|---|---|
| **Christopher Washington** | Appellant |
| **State of Texas** | Appellee |
| **Honorable Judge Mallia**<br>1201 Franklin St., 18th Floor<br>Houston, Texas 77002 | Visiting Judge<br>179th District Court<br>Harris County, TX |
| **Wendell A. Odom, Jr.**<br>440 Louisiana St., Ste 200<br>Houston, Texas 77002 | Appellate Counsel |
| **Patrick McCann**<br>909 Texas Avenue, Ste 205<br>Houston, Texas 77002 | Trial Counsel |
| **Devon Anderson**<br>1201 Franklin St.<br>Houston, Texas 77002 | District Attorney<br>on Appeal |
| **Maritza Antu**<br>1201 Franklin St.<br>Houston, Texas 77002 | Assistant District<br>Attorney at Trial |

i

# TABLE OF CONTENTS

PAGE

IDENTITIES OF PARTIES AND COUNSEL ............................................................... i

TABLE OF CONTENTS ............................................................................................. ii

INDEX OF AUTHORITIES ....................................................................................... iii

ARGUMENT AND AUTHORITIES .......................................................................... 1

    I.    ISSUE I – THE BONA FIDE DOUBT STANDARD CITED BY THE STATE HAS BEEN OVERTURNED BY THE COURT OF CRIMINAL APPEALS AND THE TEXAS STATE LEGISLATURE ...................................................................................... 1

        A.  PROCEDURAL FACTS ................................................................................ 1

        B.  STATE'S ARGUMENT ............................................................................... 1

        C.  TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 46B ........................ 2

            1.  46B.004(C) ..................................................................................... 3

            2.  46B.005(A) ..................................................................................... 5

            3.  PROPER LEGAL STANDARD .......................................................... 6

    II.   ISSUE II – APPELLANT'S *AKE* ISSUE WAS PRESERVED FOR APPEAL UNDER TEXAS LAW .............................................................................................. 8

        A.  PROCEDURAL FACTS ................................................................................ 8

        B.  TIMELINESS OF MOTION ......................................................................... 9

        C.  SUFFICIENT NOTIFICATION TO THE TRIAL COURT ............................... 12

CERTIFICATE OF SERVICE ................................................................................. 15

CERTIFICATE OF COMPLIANCE .......................................................................... 15

## INDEX OF AUTHORITIES

### CASES

*Montoya v. State,* 491 S.W.3d 420 (Tex. Crim. App. 2009)..................................3-4

*Turner v. State,* 422 S.W.3d 676 (Tex. Crim. App. 2013)................................2, 4-8

*Wright v. State,* 28 S.W.3d 526 (Tex. Crim. App. 2000)..................................9-12

### STATUTES

TEX. CODE OF CRIM. PROC. art. 46B ...............................................................2, 4, 7, 13

TEX. CODE OF CRIM. PROC. art. 46B.004 .................................................................. 2-7

TEX. CODE OF CRIM. PROC. art. 46B.005 ............................................................. 2, 5-6, 8

**I.** **The "bona fide doubt" standard cited in the State's brief has been overturned by the Texas Court of Criminal Appeals and the Texas State Legislature.**

    i.    <u>Procedural Facts</u>

Appellant filed a Motion for an Intellectual Disability and Competency Evaluation and a Motion for a Contested Competency Trial under Texas Code of Criminal Procedure Article 46B. CR-130, CR-136. In response to these motions, the trial court held two separate hearings. RR2, RR4. At these hearings, Appellant put forward evidence that related to his mental capacity as well as his inability to assist trial counsel in the preparation of his defense. *Id.* This evidence is comprehensively laid out in Appellant's brief. AB-43-45.[1]

    ii.    <u>State's Argument</u>

Appellant argues in his third issue on appeal that the Trial Court abused its discretion when it denied the Appellant's request for a competency trial under Texas Code of Criminal Procedure Article 46B. AB-41. The State responded to this issue by arguing that Appellant is only entitled to a hearing under Article 46B if evidence is raised to the trial court which creates a bona fide doubt as to Appellant's competency to stand trial. SB-8-17. They elaborated on this standard by stating that

---

[1] AB references Appellant's Brief. The numbers following AB will refer to the page numbers that are being referenced. AB-43-45 refers to Appellant's Brief at page 43-45. SB references the State's Brief. The numbers following the SB refer to the page numbers being referenced.

1

evidence is only sufficient to create a bona fide doubt if it shows recent severe mental illness, moderate retardation, or truly bizarre acts by the defendant. SB-9. The bona fide doubt standard is no longer used in an analysis under Article 46B pursuant to a 2011 amendment found in Article 46B.004(c-1) and the 2013 opinion delivered by the Court of Criminal Appeals in *Turner v. State.*

### iii.    <u>Texas Code of Criminal Procedure Article 46B</u>

Texas Code of Criminal Procedure Article 46B covers the procedure and legal standards that are used in determining whether a criminal defendant is competent to stand trial. Texas Code of Criminal Procedure Article 46B.003 defines the conditions that must be met for a criminal defendant to be competent to stand trial. Article 46B.004 sets out the procedure to be used by trial courts and litigants to properly raise the issue of a defendant's competency in a criminal case. Article 46B.005 sets out the framework trial courts must use in determining whether a competency trial is required under the facts of a particular case. Article 46B.004 and Article 46B.005 are the relevant portions of the statute for this analysis as they provide the roadmap for determining whether a trial court erred in not granting a competency trial. *See* TEX. CODE OF CRIM. PROC. art. 46B.

## 1. *Texas Code of Criminal Procedure Article 46B.004(c)*

Texas Code of Criminal Procedure Article 46B.004(c) reads that "on suggestion that the defendant may be incompetent, the court shall determine by informal inquiry whether there is some evidence that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE. CRIM. PROC. art. 46B.004(c). The Texas Courts of Appeals were split for many years over the proper definition of the term "suggestion" in the above referenced section of 46B.004(c) – notably what showing must be made by a defendant before an informal inquiry into the defendant's competency is required under the statute. *Montoya v. State,* 491 S.W.3d 420, 424-25 (Tex. Crim. App. 2009).

In *Montoya*, the Court of Criminal Appeals resolved the split between the Texas Courts of Appeals by providing a definition of the word suggestion. The Court of Criminal Appeals stated that an informal competency inquiry is required only if the evidence brought to the trial court's attention raises a bona fide doubt in the judge's mind as to the defendant's competency. *Montoya,* at 425. This is the cited standard that is central to the State's argument against Appellant's third issue on appeal. SB-17 (noting that the trial court did not abuse its discretion because the evidence before the court did not raise a bona fide doubt as to Appellant's competence). This definition of the term suggestion was valid law until the Texas Legislature amended Article 46B.004 in 2011.

3

In 2011, the Texas Legislature amended Article 46B.004(c) to clarify their intended meaning of the term suggestion. Under new code section 46B.004(c-1), the legislature defined the legal standard to be used in Article 46B.004(c): "suggestion of incompetency is a threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. The Court is not required to have a bona fide doubt about the competency of the defendant." TEX. CODE. CRIM. PROC. art. 46B.004(c-1). The amendment to this section of the code effectively overruled the Court of Criminal Appeal's ruling in *Montoya*.

Two years after the amendment, the Court of Criminal Appeals recognized this new legal standard in their opinion in *Turner v. State*. In *Turner v. State*, the Court stated that *Montoya* had been overruled as "the Texas Legislature has subsequently rejected the bona fide doubt standard for purposes of Article 46B.004." *Turner v. State,* 422 S.W.3d 676, 692 (Tex. Crim. App. 2013).

Following the amendment and *Turner*, it is settled law that the bona fide doubt standard cited in *Montoya* has no place in an Article 46B.004 analysis. The new definition for the term suggestion, and thus the evidence needed in order for an informal inquiry to be required under Article 46B is defined in 46B.004(c-1) as follows:

4

"A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant. Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003."

TEX. CODE. CRIM. PROC. art. 46B.004(c-1).

### 2. Texas Code of Criminal Procedure Article 46B.005(a)

Article 46B.005(a) reads in relevant portion that "if after informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under Subchapter B to determine whether the defendant is incompetent to stand trial in a criminal case."

The Court of Criminal Appeals has consistently stated that a competency trial under Article 46B.005(a) is required if some evidence from any source has arisen that would support a finding that a defendant may be incompetent to stand trial. *Turner*, at 692-93. This determination is made by considering only the evidence that

5

tends to show incompetency and deciding whether there is more than a scintilla of evidence that rationally may lead to the conclusion of incompetency. *Id.*

### 3. *The proper legal standard under Turner and Articles 46B.004 and 46B.005*

The appropriate law under Articles 46B.004 and 46B.005 is laid out in *Turner.* The procedure that a trial court must follow to determine if a competency trial is required is as follows: 1) the Trial Court is required to conduct an informal inquiry upon a "suggestion" of incompetency as that word is defined in 46B.004(c-1), and 2) upon informal inquiry, the trial court must look only at the evidence that suggests incompetency and if there is more than a scintilla of evidence that rationally may lead to a conclusion of incompetency then the trial court must conduct a formal competency trial. If more than a scintilla of evidence is put before the trial court in the informal inquiry, a trial court abuses its discretion by not holding a competency trial. *Turner,* at 691-693.

### iv. Conclusion

In response to Appellant's third issue on appeal, the State argues that Appellant must meet a higher standard than the law demands. From the recitation of the law to the argument of the facts, the State consistently pushes this Court to rule against

6

Appellant because he has not put forth the type of evidence to meet the bona fide doubt standard under Article 46B.004. SB-8-17.

In arguing under the wrong standard, the State concedes that the evidence presented by Appellant could support an inference of mild mental retardation. SB-14. Given the State's stance that only moderate mental retardation can meet the bona fide doubt standard, they continuously admit that the evidence before the trial court indicated significant mental impairment, but falls short of moderate mental retardation or truly bizarre behavior. SB-14-17. This is apparent when the State concedes that the evidence before the trial court would be relevant in determining whether it would be cruel and unusual to sentence Appellant to death under *Atkins v. Virginia*. SB-14.

The State's entire brief is built around the idea that the bona fide doubt standard is still relevant to the Article 46B analysis. Though the State cites the *Turner* case for the appropriate law in their brief, they continuously argue that Appellant should be held to a higher standard by this Court than the law mandates. In making the bona fide doubt standard central to their argument, the State makes no argument that there is not more than a scintilla of evidence that may rationally lead to a conclusion incompetency. The "more than a scintilla" threshold is the central point to Appellant's third issue on appeal.

The Court of Criminal Appeals notes in *Turner* that the "more than a scintilla" standard is not a difficult standard to meet, and that trial courts should be particularly vigilant to assure that a defendant's due process rights are upheld once they have been placed on notice of a potential competency issue. *Turner,* at 694, 696. Given the facts before the trial court relating to Appellant's incompetency (laid out in Appellant's brief at 43-45), the low standard for meeting the mandatory competency trial provision in Article 46B.005, and the due process right that is at stake, the trial court abused its discretion in denying Appellant a competency trial in this case. This case should be reversed and remanded to the trial court.

## II. Appellant's *Ake* issue was preserved for appeal under Texas law

### 1. Procedural Facts

Trial counsel noticed that Appellant was having trouble assisting in his defense in the days leading up to trial. CR-165, 142-143. Concerned about Appellant's competency to stand trial and his mental state when the crimes occurred, Trial counsel met with the family to discuss these newly discovered issues. *Id.* It was at this time that Trial counsel found out that Appellant had endured a traumatic head injury when he was young and had been mentally slow since that time. CR-165.

Based on this information, Trial counsel immediately filed a handwritten Motion for an Intellectual Disability and Competency Evaluation. CR-130. This Motion was filed on the day of trial. CR-130. The trial court held two hearings on the issue where Appellant put forward evidence of his mental issues. At the second hearing, Appellant advised the trial court that the evaluation would be useful for determining Appellant's competency to stand trial, establishing his mental state in defense of the capital murder charge, and aiding the factfinder in determining whether Appellant's confession should be admitted into evidence. RR2, RR4, RR6. Further, Appellant advised the trial court of an expert that could do the evaluation immediately. RR4-7. The trial court denied Appellant's motion after both hearings, refusing to allow Appellant to be evaluated. RR4-80. Appellant re-urged the motion before the admission of his confession. RR6-46-50. The trial court again denied the motion for an evaluation. RR6-50.

2. Appellant's Request for a Defense Expert was not Untimely under *Wright*

The State argues in their brief that Appellant's request for an expert was untimely pursuant to the Court of Criminal Appeals opinion in *Wright v. State*. SB-7. More precisely, the State argues that a request for an expert on the first day of trial is per se untimely. SB-7 (stating that a request for an expert on first day of trial must be untimely). The facts of this case differ substantially from the facts in *Wright,* and thus, the holding in *Wright* is not dispositive of Appellant's first issue.

9

In *Wright,* the defendant asked for the appointment of a DNA expert on the day of trial. *Wright v. State,* 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). Further, the defendant filed a motion for continuance to allow time for that expert to review the DNA evidence involved in his charge of capital murder. *Id.* The Trial Court denied the defendant's motion for continuance, and the trial proceeded as scheduled. *Id.* The defendant alleged on appeal that the trial court abused its discretion by not granting the continuance. *Id.* In order to prevail on that issue, the defendant had to show that the denial of the motion resulted in actual prejudice to the defendant. *Id.*

The Court of Criminal Appeals overruled this point of error, stating it was not an abuse of discretion for the trial court to deny defendant's motion for continuance. *Wright,* at 533. In this opinion, the Court notes that the defendant knew early on that DNA would be important in the case and the defendant was provided with DNA discovery throughout the pre-trial process. *Id.* at 532. The defendant voluntarily chose to not ask for an expert until the day of trial when the facts that pointed to the need for an expert were fully developed throughout the pre-trial process. *Id.* at 532-33. The Court's opinion is grounded in the defendant's years of inaction when he should have known that a DNA expert would be needed early on in the process. After the prejudice analysis, the Court states that "even if Appellant [defendant] could point to specific prejudice, he would not be allowed to profit from his own failure to act." *Id.* at 533.

10

In our case, Trial counsel noticed that Appellant was having issues assisting in his defense in the days leading up to trial. When Trial counsel became concerned about Appellant's competency and mental state, he went to Appellant's family to obtain more information. It was at this time that Appellant's family advised trial counsel of an accident that occurred when Appellant was young and the resulting intellectual issues that followed.

Immediately after obtaining this information, Appellant asked for the appointment of an expert for an intellectual disability evaluation for two purposes: 1) to evaluate Appellant for any intellectual issues that could aid in his defense, and 2) to evaluate the defendant for any competency issues. The speed at which this occurred is noted by viewing the motions in the Clerk's Record. The only hand written motion in the Clerk's Record is the one relating to Appellant's perceived intellectual disability.

*Wright* is not dispositive of this case for two reasons. First, trial counsel had not obtained any information to alert him of the need for an expert prior to the day of trial. The mental slowness of Appellant was not known to trial counsel until just before the motion was filed. Appellant is not attempting to "profit from his own inaction". Trial counsel could not have acted with any more urgency than he did – immediately filing a handwritten motion requesting the expert. Unlike the Appellant in *Wright,* trial counsel's actions were not the cause for the last minute filing of the

11

motion. It was not apparent until just before the motion was filed that an expert for Appellant's defense would be needed.

Second, *Wright* does not create a bright line rule that bars all *Ake* requests from being made the day of trial. In fact, *Wright* is a case where the Court is analyzing whether the trial court abused its discretion is not granting a continuance. Not whether the *Ake* motion was timely. The Court is simply reiterating a well-known point that a defendant cannot cause the need for a continuance and then gain an advantage therein. The State is reaching for a legal principle that would bar Appellant's *Ake* claim from a case that is not on point. For the foregoing reasons, *Wright* is not dispositive of Appellant's first issue on appeal.

3. Appellant's Written and Oral Motion for an Intellectual Disability and Competency Evaluation was sufficient to notify the Court that an expert was being requested to assist in Appellant's defense to the charge of Capital Murder

The State argues in their brief that the *Ake* issue presented by Appellant in his first issue on appeal was not preserved because Appellant never requested the aid of a defense expert. SB-5-6.

Appellant's written Motion for an Intellectual Disability and Competency Evaluation was filed for two purposes that are clear from the record: 1) to evaluate Appellant for any intellectual issues that could aid in his defense, and 2) to evaluate the defendant for any competency issues. Appellant's written motion asked the trial

12

court to appoint an expert to evaluate Appellant to determine whether he suffered from an intellectual disability that would render him incompetent to stand trial. CR-130. The State sees this motion as asking only for a competency evaluation under Article 46B of the Texas Code of Criminal Procedure. However, Appellant expounded on the purpose of this motion during multiple hearings before the trial court. The trial court denied Appellant access to an expert each time.

Appellant advised the trial court during various hearings on Appellant's Motion for an Intellectual Disability and Competency Evaluation that an evaluation would be used not only for competency, but also, to challenge the elements of the offense and the admissibility of Appellant's confession. *See* RR2, RR4, RR6. At the hearings on the motion, Appellant stated that the evaluation would go to determining what was "foreseeable" to Appellant and litigating an *Osbourne* issue in Appellant's Motion to Suppress. RR4-11-12, RR2-51-52.

It was stated over and over during the hearings on Appellant's Motion for an Intellectual Disability and Competency Evaluation that an expert evaluation and/or testimony would be invaluable to Appellant's defense. The State has attempted to ignore important parts of the record to paint Appellant's motion as one that strictly relates to competency. While that is surely one reason that the motion was filed, it is clear from the record that an expert was requested from the trial court in support of Appellant's defense against the charge of capital murder. These requests occurred

during hearings on Appellant's motion and before the trial court had denied Appellant's ability to be evaluated.

The State's assertion that Appellant never presented his intent to use the requested expert evaluation to aid in his defense is not supported by the record. A view of the record clearly shows that Appellant requested the use of an expert to assist Appellant in building a defense. Appellant's *Ake* issue was preserved for review by this Court as it was properly presented to the trial court.

Respectfully Submitted,

WENDELL A. ODOM, JR.
Texas Bar # 15208500
440 Louisiana St., Ste 200
Houston, Texas 77002
(713) 223-5575
(713) 224-2815 [fax]

Attorney for Appellant
CHRISTOPHER WASHINGTON

14

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), and (e), I certify that I have served this document on all other parties on May 20, 2015. All other parties are listed below.

Devon Anderson
Harris County District Attorney
1201 Franklin St., Ste 600
Houston, Texas 77002
Attorney for the State of Texas: By Electronic Transmission

WENDELL A. ODOM, JR.

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I hereby certify that Appellant's Reply Brief is written in 14 point font, Times New Roman, and contains 3,290 words.

WENDELL A. ODOM, JR.